IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIS BONDS, #215 403, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:13-CV-203-TMH |
| | ) | |
| WARDEN GARY HETZEL, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, James Bonds, an inmate incarcerated at the Holman Correctional Facility located in Atmore, Alabama, filed the instant habeas application on April 1, 2013. He is incarcerated on a conviction for capital murder entered against him by the Circuit Court for Houston County, Alabama, on October 10, 2002.  Petitioner files this petition for habeas relief seeking to  challenge a decision by the Alabama Court of Criminal Appeals in regard to his appeal and/or request for an out-of-time appeal from the denial of a Rule 32 petition. (*Doc. No.1*.)   The court has undertaken a preliminary review of the instant petition.  Upon review of the petition, the court concludes that it is due to be dismissed.  *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts.*

**I. DISCUSSION**

This court may review an "application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A review of the claims asserted by Petitioner in the instant action reflect that he offers no challenge to the validity of his conviction or sentence. Instead, he seeks to challenge the reasonableness of the Alabama appellate court's application of law as applied to his attempt to appeal the denial of a state post-conviction proceeding. This court cannot, however, consider alleged improprieties in Petitioner's post-conviction proceedings as the law is well established that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings. This is because a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment, *i.e.,* the conviction and/or sentence itself, and thus habeas relief is not an appropriate remedy. *See Quince v. Crosby,* 360 F.3d 1259, 1261–62 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987) (habeas petitioner's claim that errors in post-conviction proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention."); *see also McCullouqh v. Singletary,* 967 F.2d 530, 535 (11th Cir. 1992) ("[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

In filing this action Petitioner challenges the validity of neither his conviction nor

sentence.[1] He, therefore, he fails to assert a claim reviewable in this habeas proceeding.


## II.  CONCLUSION

In light of the foregoing, the court finds that the instant petition is due to be dismissed as Petitioner has not presented a cognizable cause of action under 28 U.S.C. § 2254.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus relief be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **April 18, 2013,** Petitioner may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

---

[1] The court takes judicial notice of its own records which reflect that Petitioner previously filed a habeas application challenging his 2002 capital murder conviction. The petition is currently pending before the court.  *See Bonds v. Davenport*, Civil Action No. 1:12-CV-376-WHA (M.D. Ala.).

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of April, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE